**Daniel J. AUDETT, Plaintiff—Appellant,**

v.

**Alan MCLAUGHLIN, Defendant—Appellee.**

No. 02–35852.

D.C. No. CV–01–05071–RJB.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 13, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

## MEMORANDUM**

Daniel J. Audett, a civilly committed individual confined under Washington state's sexually violent predator statute, WASH. REV.CODE § 71.09 *et seq.* (2002), ap-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

peals pro se the district court's summary judgment for defendant in his 42 U.S.C. § 1983 action alleging due process violations based on the conditions of his detention.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, *Sorrels v. McKee,* 290 F.3d 965, 969 (9th Cir.2002), and we affirm.

Audett contends that the conditions of his bedroom at the Special Commitment Center were unconstitutional because the room lacked natural lighting, was smaller than other bedrooms in the facility, had a door that swung inwards, and received recycled air. Although Audett's bedroom had a lock, it is undisputed that he had a key to the room and unlimited access to other areas of the facility during designated hours. The district court properly granted summary judgment because Audett failed to raise a genuine issue of material fact as to whether these conditions rise to the level of a constitutional violation. *See Bell v. Wolfish,* 441 U.S. 520, 542, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (noting, in the pretrial detention context, that "There is ... a *de minimis* level of imposition with which the Constitution is not concerned") (quoting *Ingraham v. Wright,* 430 U.S. 651, 674, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977)).

Audett's motion for judicial notice is denied.

Audett's remaining contentions lack merit.

**AFFIRMED.**